IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Lippert,<br><br>          Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et. al,<br><br>          Respondents. | No. CV-06-2039-PHX-JWS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (docket # 1) Respondents have filed an Answer (docket # 11) to which Petitioner has replied (docket # 12). For the reasons set forth below, the Petition should be dismissed as untimely.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 4, 2003, the State of Arizona charged Petitioner with two counts of aggravated driving while under the influence of intoxicating liquor or drugs ("DUI"), and one count of unlawful flight from law enforcement. (Respondents' Exh. A) The State also alleged that Petitioner had two historical prior felony convictions for aggravated DUI. (Respondents' Exh. B)

On April 29, 2003, Petitioner entered into a plea agreement pursuant to which he pleaded guilty to one count of aggravated DUI, a class 4 felony, with one prior felony conviction.

(Respondents' Exh. C) The trial court[1] accepted the plea. On May 28, 2003, the court sentenced Petitioner to five years imprisonment on one count of aggravated DUI in accordance with the plea agreement. (Respondents' Exh. D)

### *Rule 32 "of-right" Proceeding*

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4.

On April 5, 2005, Petitioner filed an untimely notice of review under Ariz.R.Crim.P. 32 alleging that Blakely v. Washington, 542 U.S. 296 (2004) and its progeny United States v. Booker, 543 U.S. 220 (2005) constitute significant changes in the law which excuse his untimely filing under Ariz.R.Crim.P. 32.1(g). (Respondents' Exh. F)

On May 27, 2005, the state court dismissed the Rule 32 proceedings as untimely. (Respondents' Exh. G) The Court noted that Petitioner's conviction became final when the time for filing a Rule 32 of-right proceeding passed. Because Petitioner was sentenced on May 28, 2003 following his guilty plea, he had ninety days in which to file a notice of review under Rule 32. Accordingly, his April 5, 2005 notice of post-conviction relief was untimely. Accordingly, Petitioner's conviction was final in 2003, well before the Supreme Court decided Blakely and none of the exceptions in Rule 32.1(g) applied. (Respondents' Exh. G) The Court also notes Booker only applied to the Federal Sentencing Guidelines and, therefore, was inapplicable to Petitioner's state sentence.

Petitioner sought review in the Arizona Court of Appeals and Arizona Supreme Court which was denied. (Respondents' Exhs. H, I)

### *The Petition*

Thereafter, on August 24, 2006 Petitioner filed the pending Petition for Writ of Habeas

---

[1] The Honorable James H. Keppel presided over the proceedings in the Superior Court of Arizona, Maricopa County.

- 2 -

Corpus alleging that his aggravated sentence violates his Sixth Amendment right to a jury trial under <u>Blakely</u>. Respondents assert that the Petition is untimely and that <u>Blakely</u> does not apply retroactively to Petitioner's case which was final before <u>Blakely</u> was decided. Petitioner claims that the AEDPA limitations period did not commence until June 24, 2004 when <u>Blakely</u> was decided and, therefore, his Petition is timely.

## **ANALYSIS**

**I. Statute of Limitations**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court. The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.

Title 28 U.S.C. § 2244(d)(1) provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run *from the latest of-*
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2244(d)(1)(A) and (C)(emphasis added). Respondents assert that § 2244(d)(1)(A) applies and that Petitioner's Petition is time barred. Petitioner asserts that § 2244(d)(1)(C) applies and that the limitations period did not begin to run until the Supreme Court issued its decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) on June 24, 2004. The Court will address this issue below.

- 3 -

**A. Final by Conclusion of Direct Review - § 2244(d)(1)(A)**

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4.

The Ninth Circuit recently addressed, as a matter of first impression, the question of when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of direct review" for purposes of 28 U.S.C. § 2244(d)(1). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). The Ninth Circuit concluded that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)." Id. at 711. The Summers court held that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Prior to Summers, numerous courts had followed Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004) in which the Ninth Circuit assumed, without deciding, that an Arizona pleading defendant's conviction becomes final upon sentencing because the guilty plea waives his right to direct appeal. see, Pettijohn v. Schriro, No. CV-06-00948-PCT-NVW (MEA), 2007 WL 162688 (D.Ariz, Jan. 18, 2007); Gutierrez v. McDaniel, No. CV-06-0085-PHX-SRB (JRI), 2006 WL 3449098 (D.Ariz., Nov. 29, 2006); Jones v. Schriro, No. CV-05-3831-PHX-SRB (JRI), 2006 WL 2640618 (D.Ariz. Sept. 13, 2006); Bradford v. Schriro, CV-06-0530-PHX-NVW (MEA). Indeed, Respondents relied on the reasoning of Isley in support of their assertion that Petitioner's conviction became final on May

28, 2003, the date on which the trial court entered judgment and sentenced Petitioner. After Summers, it is now clear that Petitioner's conviction did not become final on the date of sentencing. Although Respondents incorrectly asserted that Petitioner's conviction became final on the date of sentencing, the remainder of their analysis regarding the timeliness of the Petition is accurate.

Under Summers, because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." Summers, 418 F.3d at 711. Here, Petitioner pleaded guilty and was sentenced on May 28, 2003. By virtue of his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding. Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.")

In this case, Petitioner did not commence a Rule 32 of-right proceeding within 90 days after entry of judgment and sentence. Ariz.R.Crim.P. 32.4(a)(discussing commencement of post-conviction relief proceedings). Accordingly, his conviction became final upon the expiration of the time for seeking review in a Rule 32 of-right proceeding, or on or about August 28, 2003. Summers, 481F.3d at 711. Accordingly, the AEDPA limitations period commenced on August 29, 2003 and expired on August 29, 2004. Petitioner did not file his pending § 2254 petition until August 24, 2006. Accordingly, it is untimely.

As previously stated, Petitioner argues that the Court should apply § 2244(d)(1)(C), rather than § 2244 (d)(1)(A), and that the AEDPA limitations period did not commence until June 24, 2004, the date on which Blakely was decided. The Court will address this argument below.

**B. 28 U.S.C. § 2244 (d)(1)(C)**

Petitioner argues that his Petition is timely because he asserts a claim under Blakely, which was decided in 2004, and therefore the limitations period commenced on that date pursuant to § 2244(d)(1)(C). Section 2244(d)(1)(C) provides that the one-year limitations period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*." Id. (emphasis added).

As previously discussed, Petitioner's conviction became final on August 28, 2003. The Supreme Court did not issue Blakely until nearly one year later in June of 2004. Petitioner's argument that the date of the Blakely decision marks the commencement of the limitations period fails because the Supreme Court has not made that decision retroactively applicable to cases on collateral review. Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005)(holding that Blakely does not apply retroactively to a conviction that was final before that decision was announced). Because Blakely has not been made "retroactively applicable to cases on collateral review," § 2244(d)(1)(C) does not apply in this case. Because Blakely does not apply retroactively to this case on collateral review, Petitioner's conviction became final on August 28, 2003 and the AEDPA limitations period expired on August 29, 2004. Accordingly, the Petition is untimely absent tolling.

**C. Tolling the Limitations Period**

**1. Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "*properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)(emphasis added); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-

- 6 -

conviction proceedings.") This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. Nino, 183 F.3d at 1006.

As previously stated, the AEDPA limitations period commenced on August 29, 2003 and expired on August 29, 2004. Over seven months later, on April 5, 2005, Petitioner filed an untimely notice of post-conviction relief. Because Petitioner's notice of post-conviction review was filed after the limitations period expired, it could not toll the limitations period. Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" Johnson v. Galaza, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1(N.D.Ca., Feb. 7, 2001)(quotitng Rashia v. Kuhlman, 991 F.Supp.2d 254, 259 (S.D.N.Y. 1998)). See also, Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Moreover, the trial court rejected Petitioner's notice of post-conviction review as untimely, and therefore, it was not properly filed and could not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). In his notice of Rule 32 review, Petitioner argued that the State court should excuse his untimely filing under Ariz.R.Crim.P. 32.1(g) because Blakely constituted a significant change in the law that applied to his case.

The state court rejected Petitioner's argument and found that the Blakely claim raised in Petitioner's untimely notice of post-conviction review did not fit within any of the categories that can be raised in an untimely petition. (Respondents' Exh. K); Ariz.R.Crim.P. 32.4 (providing that any notice not timely filed may only raise claims pursuant to Ariz.R.Crim.P. 32.1(d)-(h)). To determine whether the untimely notice of post-conviction relief fell within the Rule 32.1(g) exception, the trial court had to determine if "[t]here had been a significant change in the law that if determined to apply to defendants' case would probably overturn the defendant's conviction or sentence." Ariz.R.Crim.P. 32.1(g) In other words, the trial court had

1 to determine whether <u>Blakely</u> applied retroactively to Petitioner's case. The court found that
2 because Petitioner's conviction and sentence had become final before <u>Blakely</u> was decided on
3 June 24, 2004, <u>Blakely</u> did not apply retroactively to Petitioner's case. (Respondents' Exh. K)
4 Therefore, Ariz.R.Crim.P. 32.1(g) did not apply and Petitioner's notice filed April 5, 2005 was
5 untimely.

6 An untimely notice of post-conviction relief is not properly filed for § 2244(d)(2)
7 purposes, and therefore, does not toll the limitations period. <u>Pace v. DiGuglielmo</u>, 544 U.S.
8 408, 416-17 (2005)(stating that an untimely notice of post-conviction relief is not properly filed
9 for § 2244(d)(2) purposes, and therefore, does toll the AEDPA limitations period). The
10 Supreme Court has held that "when a petition is untimely under state law, 'that [is] the end of
11 the matter' for purposes of § 2244(d)(2)." <u>Pace</u>, 544 U.S. at 414-17(holding that "time limits,
12 no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [petition
13 for post-conviction relief] as untimely, it was not 'properly filed,' and he is not entitled to
14 statutory tolling under § 2244(d)(2).") Because Petitioner's April 5, 2005 notice of post-
15 conviction relief did not toll the AEDPA limitations period, it expired on August 29, 2004.
16 Therefore, Petitioner's August 24, 2006 Petition is untimely absent equitable tolling.

### 2. Equitable Tolling

19 The Ninth Circuit recognizes that the § 2244(d) limitations period may be equitably
20 tolled because it is a statute of limitations, not a jurisdictional bar. <u>Calderon v. United States</u>
21 <u>Dist. Court</u>, 128 F.3d 1283, 1288 (9th Cir. 1997) (<u>Beeler</u>), *cert. denied*, 523 U.S. 1, and *cert.*
22 *denied*, 523 U.S. 1061 (1998), *overruled in* part on other grounds by <u>Calderon v. United States</u>
23 <u>District Court (Kelly)</u>, 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999). Tolling is appropriate
24 when "extraordinary circumstances beyond a prisoner's control make it impossible to file a
25 petition on time." <u>Id.</u>; see also, <u>Miranda v. Castro</u>, 292 F.3d 1063, 1067 (9th Cir. 2002)(stating
26 that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the
27 exceptions swallow the rule.")(citations omitted); <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir.

2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The extraordinary circumstances requirement is a "high hurdle," see Calderon (Beeler), 128 F.3d at 1289, and policy considerations counsel against equitable tolling. Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

As a general matter, Petitioner's status as a prison inmate does not constitute an extraordinary circumstance beyond his control warranting the tolling of the one-year limitations period. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The ordinary difficulties inherent in prison life do not constitute extraordinary circumstances sufficient to toll the AEDPA limitations period. Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005)(stating that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or occasionally, by the petitioner's counsel."). Likewise, Petitioner's lack of familiarity with the law and lack of legal assistance do not toll the limitations period. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); see also, Lewis v. Casey, 518 U.S. 343, 351 (1996)(holding that there is no "freestanding right to a law library or legal assistance.")

Petitioner has failed to present any circumstances that would justify equitably tolling the AEDPA statute of limitations. Accordingly, his § 2254 Petition should be denied as untimely.

## II. Petitioner's Blakely Claim

In addition to being untimely, Petitioner's claim fails because <u>Blakely</u> does not apply retroactively to cases that were final on direct review before <u>Blakely</u> was decided on June 24, 2004. <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005)(holding that <u>Blakely v. Washington</u> does not apply retroactively to a conviction that was final before that decision was announced.).

Applying the rule announced in <u>Summers</u>, Petitioner's conviction became final on August 28, 2003, when the time for commencing a Rule 32 of-right proceeding expired. <u>Summers</u>, 481 F.3d at 711. Thus, Petitioner's conviction was final before <u>Blakely</u> was decided and, therefore, the rule announced in <u>Blakely</u> does not apply to Petitioner's case.

## III. Conclusion

In summary, because Petitioner's Petition is untimely and Petitioner has not established any basis for tolling the AEDPA limitations period, the Petition should be denied. Alternatively, the Petition should be denied for lack of merit because <u>Blakely</u> does not apply retroactively to Petitioner's case.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and

Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of June, 2007.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge